Claudia Eckelmann, pro se
82 Diablo View Drive
Orinda, California 94563
(925) 969-2336
ceckelmann@dvc.edu



SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLAUDIA ECKELMANN, | ) | No. 5:19-cv-00585-VKD |
| | ) | |
| Plaintiff, | ) | NOTICE OF MOTION AND MOTION TO |
| | ) | REMAND TO STATE COURT |
| v. | ) | |
| | ) | |
| HIGBEE AND ASSOCIATES, | ) | Date: April 9, 2019 |
| | ) | Time: 10 AM |
| Defendant. | ) | Courtroom 2 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that, on Tuesday, April 9, at 10:00 AM, or as soon thereafter as the matter

may be heard by this Court, located in Courtroom 2 - 5th Floor, 280 South 1st Street, San Jose,

California, plaintiff Claudia Eckelmann will and hereby moves the Court, pursuant to 28 U.S.C. §

1447(c), to remand this case to state court, on the ground that it was improvidently removed both in

that the existence of federal jurisdiction is not apparent on the face of the complaint, and on the

ground that, despite the assertion in the notice of removal that plaintiff's claim arises under federal

law, the notice fails to establish that there is a case or controversy between the parties sufficient to

create subject matter jurisdiction in this Court, and papers filed after the notice disclose that subject

matter jurisdiction does not exist.

This motion is based on the following Memorandum of Points and Authorities.  It seeks an

order remanding the case to state court..

## MEMORANDUM OF POINTS AND AUTHORITIES

On January 18, 2019, plaintiff Claudia Eckelmann filed this action in the small claims court division of the Superior Court of Contra Costa County, alleging that defendant Higbee and Associates, where Mathew Higbee is a lawyer, had been "claiming that [plaintiff] owes $500," a debt that plaintiff Eckelmann denies. The state-court pleading sought a decision that no money was owed.

On February 1, defendant Higbee and Associates (referenced below as "Higbee") filed a notice of removal, representing that it is a law firm, that it represents a client named "Cartoon Stock Ltd." whose "searchable database" of cartoons contains a work that Eckelmann had used at a certain time in the past, and that Cartoon Stock had retained Higbee to send a cease and desist letter to Eckelmann to collect a retroactive license payment. The petition further alleges that, as of January 11, having been unable to persuade Eckelmann to make such a payment, Higbee considered the matter "closed." Even so, the petition contends that the small claims proceeding that Eckelmann filed amounts to a suit for a declaratory judgment of non-infringement of copyright that necessarily turns on issues of federal copyright law that rest exclusively within the jurisdiction of the federal courts.

Several flaws in the petition for removal that require that the case be remanded to the court from which it was removed.

First, the state court complaint does not mention copyright law. Only the notice of removal mentions the issue. And the Ninth Circuit has repeatedly held that removal, whether on diversity or on federal question grounds, is proper only when the basis for federal jurisdiction is revealed on the face of the state court complaint: removal cannot be based on allegations in the removal notice.

-2-

*Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998); *Takeda v. N.W. Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1370 (9th Cir. 1984). The fact that the defendant may have subjective knowledge that the plaintiff will have to make arguments about matters within federal jurisdiction does not trigger the defendant's thirty-day deadline for removing the case to federal court, in effect jumping the gun on removal. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 693–94, 695 (9th Cir. 2005). Rather, the defendant must wait until the plaintiff triggers the possibility of removal by pleading a federal claim or submitting other papers making clear the federal nature of the action. *Id.*

Moreover, apart from the question whether the complaint shows that Eckelmann's claim raises a federal question, there are aspects of the removal notice that show the lack of an Article III case or controversy, and the law is clear that a removal notice must show the existence of a case or controversy sufficient to support the exercise of subject matter jurisdiction. *See, e.g., Clinton v. Acequia, Inc.*, 94 F.3d 568, 572–73 (9th Cir. 1996); *see also People of State of Ill. ex rel. Barra v. Archer Daniels Midland Co.*, 704 F.2d 935, 941 (7th Cir. 1983).

The most important Article III flaw revealed by the removal petition is that, both at the time the small-claims complaint was filed and at the time the case was removed, Higbee represents that it was no longer claiming that plaintiff Eckelmann owed any money. Specifically, according to the removal notice, at 2:16-2:17, Higbee, having been unable to persuade Eckelmann to agree to pay any money, the firm "considered the case closed." Although the record does not disclose that Higbee ever communicated this fact to Eckelmann — thus explaining my decision to file the small-claims complaint in the first place — Higbee is bound by this assertion in the notice and hence cannot claim the existence of a live controversy.

Moreover, because Higbee's removal notice plainly discloses that Higbee is itself not the owner of the copyright that is alleges is at issue in the state-court action  Higbee would not have standing to sue for infringement of the copyright, as it concedes in its motion to dismiss this case, ECF No. 9.   That motion also concedes both that the existence of a federal question in request for a judgment that she does not owe any money must be judged by determining the nature of the case that the removing defendant could have filed against her, and that the claim does not present a case or controversy due to Higbee's lack of standing.  But existence of a case or controversy goes to the Court's subject matter jurisdiction under Article III; thus Higbee's motion effectively concedes that the Court lacks Article III jurisdiction over this case.  For that reason as well, the Court should remand to state court.

**CONCLUSION**

The case should be remanded to the Small Claims Division of the Superior Court of Contra Costa County, whence it was removed.

Respectfully submitted,

Claudia Eckelmann, pro se

82 Diablo View Drive
Orinda, California 94563 [1]

February 28, 2019

---

[1] Although I prepared the small claims complaint itself, this motion was prepared with the assistance of a lawyer who is not admitted to the Bar of the Northern District of California.  I am submitting it pro se because I have not found counsel in northern California to represent me.  If this case is not remanded, I ask the Court to appoint local counsel to represent me.

-4-